UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE
CIVIL ACTION NO. 3:08CV292

REBECCA K. NEWTON                                                                                    PLAINTIFF

VS.

MICHAEL J. ASTRUE,
     Commissioner of Social Security                                                          DEFENDANT

MEMORANDUM OPINION

Before the Court is the complaint of Rebecca Newton ("Plaintiff" or "Claimant") seeking judicial review of the final decision of the Commissioner pursuant to 42 U.S.C. Section 405(g). After examining the administrative record ("Tr."), the arguments of the parties, and the applicable authorities, the Court is of the opinion that the decision of the defendant Commissioner should be affirmed.

PROCEDURAL HISTORY

On December 16, 2005, Claimant filed application for disability insurance benefits and supplemental security income payments, alleging that she became disabled as of June 1, 2004. After a hearing, Administrative Law Judge Michael J. Nichols ("ALJ") determined that claimant's lumbar degenerative disc disease and disc bulges, obesity, and bilateral knee and bilateral shoulder pain were severe impairments that prevented her from performing any of her past relevant work. The ALJ further found that she retained the residual functional capacity to perform a range of sedentary work in jobs that exist in significant numbers in the national economy. This became the final decision of the Defendant when the Appeals Council denied review on April 21, 2008.

STANDARD OF REVIEW

The task of this Court on appellate review is to determine whether the administrative proceedings were flawed by any error of law, and to determine whether substantial evidence supports the factual determinations of the ALJ. Elam v. Commissioner, 348 F.3d 124 (6th Cir. 2003). "Substantial evidence" exists if there is sufficient evidence from which reasonable minds could arrive at the challenged conclusion. NLRB v. Columbian Enameling and Stamping Co., 306 U.S. 292 (1939); Foster v. Bowen, 853 F.2d 483 (6th Cir. 1988). If the proceedings are without reversible error and if substantial evidence exists to support the challenged conclusions, this Court must affirm, regardless of whether the undersigned would have found the facts differently.

## ARGUMENTS ON THIS APPEAL

Plaintiff argues that the ALJ erred in conducting his evaluation of credibility. SSR 96-7p provides instruction on credibility evaluation as follows:

> In general, the extent to which an individual's statements about symptoms can be relied upon as probative evidence in determining whether the individual is disabled depends on the credibility of the statements. In basic terms, the credibility of an individual's statements about pain or other symptoms and their functional effects is the degree to which the statements can be believed and accepted as true. When evaluating the credibility of an individual's statements, the adjudicator must consider the entire case record and give specific reasons for the weight given to the individual's statements.

20 C.F.R. § 404.1529©) describes the kinds of evidence, including the factors below, that the adjudicator is to consider in addition to the objective medical evidence when assessing the credibility of an individual's statements:

1) Daily activities;

2) The location, duration, frequency, and intensity of pain or other symptoms;
3) Precipitating and aggravating factors;

4) The type, dosage, effectiveness, and side effects of any medication taken to alleviate

        your pain or other symptoms;

5)       Treatment, other than medication, received for relief of pain or other symptoms;

6)       Any measures used to relieve pain or other symptoms (e.g., lying flat on the back, standing for 15 to 20 minutes every hour, sleeping on a board, etc.); and

7)       Other factors concerning functional limitations and restrictions due to pain or other symptoms.

"Determination of credibility related to subjective complaints of pain rests with the ALJ and the ALJ's opportunity to observe the demeanor of the claimant ... is invaluable and should not be discarded lightly." Gaffney v. Bowen, 825 F.2d 98, 101 (6th Cir. 1987). "[A]n ALJ's findings based on the credibility of the applicant are to be accorded great weight and deference, particularly since an ALJ is charged with the duty of observing a witness's demeanor and credibility." Walters v. Commissioner, 127 F.3d 525, 531 (6th Cir. 1997). An "ALJ may distrust a claimant's allegations of disabling symptomatology if the subjective allegations, the ALJ's personal observations, and the objective medical evidence contradict each other." Moon v. Sullivan, 923 F.2d 1175, 1183 (6th Cir. 1990). Stated another way, "discounting credibility to a certain degree is appropriate where an ALJ finds contradictions among the medical reports, claimant's testimony, and other evidence." Walters v. Commissioner, 127 F.3d 525, 532 (6th Cir. 1997).

Nonetheless, the ALJ's credibility assessment must be supported by substantial evidence. Walters v. Commissioner, 127 F.3d 525 (6th Cir. 1997). Furthermore, if the ALJ rejects the claimant's testimony as not credible, he or she must state reasons for doing so. Auer v. Secretary, 830 F.2d 594, 595 (6th Cir. 1987).

In this case, the ALJ demonstrated consideration of the applicable 20 C.F.R. § 404.1529©) factors. The ALJ noted that although Ms. Newton testified to the necessity of changing positions

more frequently than every half hour, she sat through the hearing without difficulty and did not have the appearance of someone experiencing pain. In addition, she testified that she cannot sit for long, but also testified that she sits and watches television all day. The ALJ noted that she had gone months without pain medication, and that her treatment history is sporadic and conservative. He also noted that Dr. Djurasovic did not think that her objective test results correlated with the severity of symptoms she reported. Tr. 20. The Court concludes that the ALJ considered the appropriate factors and stated substantial reasons for finding her complaints of disabling pain less than completely credible. The Court finds no error.

Plaintiff further argues that the ALJ committed legal error in failing to properly evaluate the disabling effects of her obesity. She contends that the ALJ's "analysis is too abbreviated to meet the letter of [applicable Social Security Rulings]." Plaintiff's brief at 17. Unfortunately, plaintiff fails to point to any effects of obesity that were not considered by the ALJ. Claimant contends that the ALJ did not consider the effect of obesity on plaintiff's spinal stenosis or knee problems; however, the ALJ noted Ms. Newton's testimony that she knew that her weight exacerbated her back pain (Tr. 19). As discussed above, the ALJ fully evaluated Ms. Newton's complaints of pain (without distinguishing between levels of pain she experienced because of her obesity and the pain she would otherwise experience). Beyond the exacerbation of pain, Ms. Newton identified no other limitation resulting from her obesity, nor does she do so on appeal. The Court finds no error in the ALJ's treatment of obesity.

Finally, plaintiff challenges the ALJ's Residual Functional Capacity (RFC) assessment as not supported by substantial evidence. Residual functional capacity (RFC) is an assessment of a claimant's remaining capacity for work once his or her limitations have been taken into account,

Howard v. Commissioner, 276 F.3d 235, 239 (6th Cir. 2002); 20 C.F.R. §404.1545(a)(1). Residual functional capacity is what a claimant can still do on a sustained, regular, and continuing basis, Cohen v. Secretary of HHS, 964 F.2d 524 (1992). A claimant bears the burden or proof in establishing his or her RFC, Her v. Commissioner, 203 F.3d 388, 391-392 (6th Cir. 1999).

Plaintiff's RFC argument is essentially her "credibility" argument restated. The thrust of both arguments is that the ALJ was wrong to reject her testimony that pain rendered her unable to work. The vocational expert testified that she would be unable to work if she had to change positions every twenty minutes; the ALJ observed that plaintiff remained sitting throughout the hearing. Plaintiff suggests that her testimonial references to being able to sit if she can "fidget" shows an inability to go for more than twenty minutes without changing positions. This is without merit: Shifting in one's seat or moving one's weight from one foot to another does not constitute "changing positions" within the meaning of vocational testimony. Similarly, we must reject plaintiff's attempt to accord a tortured meaning to Dr. Djurasovic's observation that "Even though her MRI does look fairly bad, her symptoms do not correlate very well with it." Tr. 151.

The Court finds no error of law and concludes that substantial evidence supports the decision of the ALJ. An order in conformity has this day entered.